Plaintiff Edward F. Parks was a civilian painter with the Air Force who was removed in 1978. The Merit Systems Protection Board (MSPB) upheld the removal after a hearing,[1] and he then brought suit in the District Court for the District of Columbia which transferred the action to this court. Both parties have moved for summary judgment on the administrative record, and have waived oral argument.
The undisputed facts are that Parks injured his left knee early in 1978 and was temporarily incapacitated for duty. Early in August 1978 his physician informed plaintiffs supervisor that Parks was able to perform light duty. By a letter of August 30, 1978, plaintiff was told to "report for light duty not later than” September 6, 1978 "or furnish medical evidence that you are totally disabled to perform any type of light duty.”
The challenge here goes to the MSPB’s finding (on reconsideration) that plaintiff did not report for duty on September 6, 1978, as ordered, and remained absent (without authority) from work until September 20, 1978. That was the day he was given a letter of charges proposing removal for failing to report as ordered on September 6th and for being absent (without authority). Plaintiff tells us that he did try to comply with the order-that he reported for light work on September 6th, as ordered, but was then told by his supervisor that in any event he was going to be fired in a few days (and that, he says, was why he failed to work on September 6th).
We have examined the transcript of plaintiffs testimony at the hearing held by the first Appeals Officer. The most lenient characterization we can give to Parks’ testimony is *793 that it was often confused and self-contradictory, and frequently his answers seem to have been automatic responses to very leading questions of his counsel. He was not the most convincing of witnesses. On the precise issue, plaintiff did appear to say, at one point in his direct examination, that he showed up for work on September 6th but was told by his supervisor that he was shortly to be discharged. But on cross-examination plaintiff expressly admitted that he was wrong about the date, that he did not come to work on September 6th, or for quite a while thereafter.[2] It seems, rather, that he may have appeared and asked for work sometime after the letter of charges of September 20th had been served on him, probably only a few days before his scheduled removal around October 20th, and that at that late time his supervisor did tell him that he was to be removed in a few days. The record also contains evidence showing that plaintiff was orally contacted before September 6th and told to appear for work. The MSPB findings that the charges were proved are therefore supported by substantial evidence on the record, and must be accepted.
Another of plaintiffs contentions is that the second Appeals Officer should have held a full new hearing, including renewed testimony by Mr. Parks, so that his credibility could be evaluated by the second Appeals Officer. This was not required by the remand order of the Office of Appeals, nor was it required by statute or regulation or by fairness or the demands of due process. The record of the original hearing, which fully incorporated Parks’ testimony, was sufficient for a redetermination. As we have said, plaintiff explicitly admitted on cross-examination that he did not report for work as ordered, and there was no need to judge his credibility. In addition, plaintiff does not even now inform us of any new relevant evidence or material he would have proffered if he had been given a new hearing.
Finally, the sanction of removal was not disproportionate to the charges against plaintiff. Failure to obey a direct order to report for work, coupled with a quite substantial *794 unauthorized absence, are not trivial offenses. The appropriate penalty was within the agency’s discretion which was not abused in this instance. See, e.g., Ricci v. United States, 205 Ct. Cl. 687, 507 F.2d 1390 (1974).
Plaintiffs motion for summary judgment is denied, and defendant’s cross-motion is granted. The petition is dismissed.

 At first, the Appeals Officer of the MSPB, after a hearing at which plaintiff testified, reversed the Air Force and plaintiff was reinstated. On the Air Force’s request for reconsideration, the then Office of Appeals of the MSPB ruled that the first Appeals Officer had failed to consider all the evidence in the record and remanded the case for a redetermination. Another Appeals Officer reconsidered the case on the existing record (without a new hearing) and affirmed the removal. That is the administrative decision before us.

 Nor is there any indication that he supplied evidence of medical inability.